**INDEPENDENT CAPITAL MANAGE-MENT, L.L.C. and IBC Associates, L.L.C., Appellants**

v.

**Floyd W. COLLINS and Independent Capital Management L.L.C. 401(K) f/b/o Floyd W. Collins, Appellees.**

**No. 05–07–01744–CV.**

Court of Appeals of Texas, Dallas.

July 31, 2008.

Rehearing Overruled Sept. 10, 2008.

---

**794**

Stephen A. Kennedy, Zachery Groover and John B. Rizo, Law Office of Stephen A. Kennedy, PC, C. Christian Frederiksen, Hallett & Perrin, P.C., Dallas, TX, for Appellant.

Terry P. Gorman, The Gorman Firm, P.C., Richardson, and Daniel D. Tostrud, Hermes Sargent Bates, L.L.P., Dallas, TX, for Appellee.

Before Chief Justice THOMAS and Justices FITZGERALD and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

In this accelerated interlocutory appeal, appellants challenge a temporary injunction that essentially prevents appellants from purchasing appellees' ownership in-terests in appellants and from treating appellees as if they do not have an owner-ship interest. We conclude the temporary injunction is void because it does not com-ply with the mandatory requirements of Texas Rule of Civil Procedure 683. Accord-ingly, we need not reach the issues raised by appellants. *See* Tex.R.App. P. 47.1. We reverse the trial court's order granting the temporary injunction, dissolve the tempo-rary injunction, and remand to the trial court for further proceedings.

## Background

Appellant IBC Associates, L.L.C. (Asso-ciates) is the general partner of Indepen-dent Bankers Capital Fund, L.P. (the Fund), an investment fund. Appellant In-dependent Capital Management, L.L.C. (ICAP) has a management agreement with the Fund. Appellee Floyd Collins owns 20% of, and was employed by, ICAP. Each appellee owns 11.25% of Associates.

In November 2006, ICAP terminated Collins's employment, and appellants re-moved Collins as a director of each entity. Appellants also began taking steps under their respective regulations to purchase appellees' ownership interests. Appellees filed suit, seeking a declaration of their rights under the regulations, and sought injunctive relief to prevent appellants from proceeding with the purchase. The trial court granted the requested relief and en-joined appellants from engaging in a num-ber of activities relating to the purchase of appellees' interests.

## Applicable Law and Standard of Review

To be entitled to a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the re-lief sought; and (3) a probable, imminent, and irreparable injury in the interim.

*Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). The decision to grant or deny a temporary injunction is within the trial court's discretion, and we will not reverse that decision absent a clear abuse of discretion. *Id.*

■ In relevant part, Texas Rule of Civil Procedure 683 requires every order granting a temporary injunction to state the reasons for its issuance and to be specific in its terms. TEX.R. CIV. P. 683. The requirements of rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex.1966) (per curiam); *Monsanto Co. v. Davis,* 25 S.W.3d 773, 788 (Tex.App.-Waco 2000, pet. dism'd w.o.j.). If a temporary injunction order fails to comply with the requirements of rule 683, it is void. *Qwest Commc'ns Corp.,* 24 S.W.3d at 337; *AutoNation, Inc. v. Hatfield,* 186 S.W.3d 576, 581 (Tex.App.-Houston [14th Dist.] 2005, no pet.). *Cf. In re Office of Attorney Gen.,* 257 S.W.3d 695, 697 (Tex., 2008) (orig.proceeding) (per curiam) (temporary restraining orders that did not meet requirements of Texas Rule of Civil Procedure 680 that such orders "define injury they were designed to prevent" and "explain why such injury would be irreparable" were void (citing *InterFirst Bank San Felipe, N.A.,* 715 S.W.2d at 641)). "An appellate court can declare a temporary injunction void even if the issue has not been raised by the parties." *City of Sherman v. Eiras,* 157 S.W.3d 931, 931 (Tex.App.-Dallas 2005, no pet.); *see also AutoNation, Inc.,* 186 S.W.3d at 581; *Univ. Interscholastic*

*League v. Torres,* 616 S.W.2d 355, 358 (Tex.App.-San Antonio 1981, no writ).[1]

■ To comply with rule 683, the trial court must set out in the temporary injunction order the reasons it believes the applicant will suffer injury if it does not grant the injunction. *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Transp. Co. of Tex. v. Robertson Transps., Inc.,* 152 Tex. 551, 556, 261 S.W.2d 549, 553 (1953); *AutoNation, Inc.,* 186 S.W.3d at 581. The reasons must be specific and legally sufficient, and not mere conclusory statements. *Charter Med. Corp. v. Miller,* 547 S.W.2d 77, 78 (Tex.Civ.App.-Dallas 1977, no writ); *Torres,* 616 S.W.2d at 358. A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683. *Charter Med. Corp.,* 547 S.W.2d at 78.

### Analysis

■ In the temporary injunction order, the trial court found:

in accordance with Section 65.011 of the Tex. Civ. Prac. & Rem.Code (a) Plaintiffs are entitled to injunctive relief from this Court as a result of the actions committed by Defendants ICAP and ASSOCIATES, (b) Plaintiffs have a probable right to recover in this action, (c) Plaintiffs are suffering and will continue to suffer immediate and irreparable harm as a proximate result of the conduct of the Defendants ICAP and ASSOCIATES, (d) Plaintiffs have not [sic] adequate remedy at law, (e) action by the Court is necessary to preserve the status quo, and (f) Plaintiff's Motion re-

---

1. Because a temporary injunction order that fails to comply with rule 683 is void, a party cannot waive the error in the order by agreeing to the form of the order, as the parties did in this case, or to the substance of the order. *In re Garza,* 126 S.W.3d 268, 270–71 (Tex.

App.-San Antonio 2003, orig. proceeding [mand. denied] ) (agreed to substance of order); *Evans v. C. Woods, Inc.,* 34 S.W.3d 581, 582–83 (Tex.App.-Tyler 1999, no pet.) (agreed to form of order).

quest [sic] that a Temporary Injunction be issued, should be GRANTED.

The temporary injunction order simply sets out the elements necessary for injunctive relief. It does not specify the facts the trial court relied on, making the trial court's findings conclusory. It also fails to identify the injury appellees will suffer if the injunction does not issue. *See Cook*, 464 S.W.2d at 106; *Charter Med. Corp.*, 547 S.W.2d at 78. Merely stating that appellees are "suffering irreparable harm" and have "no adequate remedy at law" does not meet the rule 683 requirement for specificity. *Charter Med. Corp.*, 547 S.W.2d at 78 (recital of "irreparable damage herein and injury by virtue of the Defendants' conduct" lacks the specificity required by rule 683); *see AutoNation, Inc.*, 186 S.W.3d at 581 (stating party "will suffer irreparable harm" and "has no adequate remedy at law" does not satisfy requirements of rule 683); *Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454 (Tex.App.-Fort Worth 1986, no writ) (finding applicant "will suffer irreparable harm for which it has no adequate remedy at law" lacks specificity required by rule 683); *Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex.Civ.App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.) (conclusion situation is "harmful" is not reason why injury will be

suffered if interlocutory relief not ordered).

 Because the temporary injunction order does not satisfy the requirements of rule 683, we conclude the trial court's temporary injunction is void. We reverse the order of the trial court, dissolve the temporary injunction, and remand to the trial court for further proceedings.[2]

**2.** We note that even if the temporary injunction was not void, the record presented does not support the granting of injunctive relief. To be entitled to injunctive relief, appellees were required to establish their injury was irreparable. *Butnaru*, 84 S.W.3d at 204. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Id.* Appellees contend their alleged injury is irreparable (1) due to the damage to Collins's reputation if his interests are purchased and he is viewed in the industry as having been ousted from his ownership role, and (2) because appellants may have no remaining assets if appellees should prevail. However, "[d]efamation

alone is not a sufficient justification for restraining an individual's right to speak freely." *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253, 255 (Tex.1983). Further, any damage to Collins's reputation is compensable through monetary damages. *See Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 501 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). Finally, although appellants could establish irreparable harm if appellees were insolvent, *Loye v. Travelhost, Inc.*, 156 S.W.3d 615, 621 (Tex.App.-Dallas 2004, no pet.), the evidence at the temporary injunction hearing established appellants could place any distributions that would be due to appellees, should they prevail, into an escrow account.