**CONDITIONALLY GRANT and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00673-CV

## IN RE JITENDRA RAJPAL A/K/A JAY RAJPAL, RAM DASWANI, AND SR SQUARED LLC, Relators

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-01822-2017**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Whitehill
Opinion by Justice Whitehill

Relators seek a writ vacating an agreed temporary junction and vacating an amended temporary injunction, arguing that both injunctions are void on their face because they do not explain the injury that would be sustained if an injunction is not issued. As set forth below, we agree that the amended temporary injunction fails to meet the specificity requirements of TEX. R. CIV. P. 683, and conditionally grant the petition for a writ of mandamus as to that injunction. We further conclude that Relators are estopped to complain about the agreed temporary injunction, and deny the requested relief as to that injunction.

### I. BACKGROUND

In April 2017, Paul Siragusa sued Jitendra Rajpal, Ram Daswani, and SR Squared LLC (Relators) as the result of a dispute over operation of a company called ShoeShields, LLC.

Siragusa's verified petition sought a temporary injunction preventing Relators from taking certain actions while operating ShoeShields.

In May 2017, the parties entered into an agreed temporary injunction as requested by Siragusa. That injunction was the result of agreement rather than an evidentiary hearing and it maintained Relators' control over ShoeShields' operations. The injunction did not identify any injury that would occur absent its entry by the trial court.

In May 2018, Siragusa filed a motion to amend the temporary injunction and to discharge the receiver the trial court had appointed to monitor the business during pendency of the litigation. Siragusa's motion essentially sought to have the previous agreed injunction flipped; it asked to have control of the company shifted to Siragusa during pendency of the litigation and for Relators to be excluded from company operations.

The trial court conducted a hearing on Siragusa's request for an amended injunction but did not hear any testimony. When the hearing concluded, the trial court signed a first amended temporary injunction. The amended injunction transferred responsibility for management of ShoeShields from Relators to Siragusa, sets a trial date, and includes the following statement concerning injury:

> The Court finds that Plaintiff has been injured by Defendants to retain control over Shoe Shields, LLC and without the issuance of this Order, Plaintiff will continue to suffer immediate and irreparable injury, loss, or damage if Defendants' (sic) are allowed to continue exercising control over Shoe Shields, LLC and conduct described herein is not enjoined.

Relators contend that both temporary injunctions are void.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

To be entitled to mandamus relief, a relator generally must demonstrate that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re State of*

*Texas,* 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). But a relator need not show lack of an adequate remedy by appeal where the order at issue is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

An applicant seeking a temporary injunction must show (i) a probable right to recovery, (ii) that imminent, irreparable harm will occur in the interim if the request is not granted, and (iii) the lack of an adequate remedy at law. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

Rule 683 requires that orders granting a temporary injunction to state the reasons for its issuance and to be specific in its terms. TEX. R. CIV. P. 683. The requirements of rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). "[T]he trial court must state in the injunction the reasons why the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunction is not issued." *Fasken v. Darby*, 901 S.W.2d 591, 592–93 (Tex. App.—El Paso 1995, no writ).

"To comply with rule 683, the trial court must set out in the temporary injunction order the reasons it believes the applicant will suffer injury if it does not grant the injunction." *Indep. CapitalMgt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) (citations omitted). "The reasons must be specific and legally sufficient, and not mere conclusory statements." *Id.* (citations omitted). "A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683." *Id.*

## B. Is the Amended Temporary Injunction Void?

The amended injunction merely recites that Sigarusa "will continue to suffer immediate and irreparable injury, loss, or damage" and says that this injury will "outweigh any injury the Temporary Injunction might cause Defendants." It does not specify, however, what the alleged

injuries might be. These conclusory statements are insufficient to comply with the requirements of rule 683. *See id.* As a result, the temporary injunction is void.

**C.      Is the Agreed Injunction Void?**

Relators also claim that the agreed injunction likewise fails for lack of specificity. This argument, however, overlooks that both parties agreed to the entry of this temporary injunction. As a result, Relators are estopped to complain. *See Bayound v. Bayoud*, 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990, writ denied).

### III.  CONCLUSION

We conditionally grant the petition for writ of mandamus as to the amended temporary injunction, and deny the petition as to the agreed temporary injunction. We direct the trial court to issue a written order vacating its May 21, 2018 temporary injunction order and file a certified copy of his order issued in compliance with this order within thirty days of this opinion and order. We are confident the trial court will comply with this opinion and accompanying order, but a writ will issue if the court does not so comply.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


180673F.P05

–4–