

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00080-CV

_____

CANDIDO JOHN CANIGLIO, Appellant

V.

MICHAEL J. WOODS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-19-44288

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

## O P I N I O N

Michael J. Woods sued Candido John Caniglio for breach of contract and a declaration of rights pursuant to a farm lease agreement. According to Woods, although Caniglio leased the exclusive right to harvest hay on his 107-acre farm to Woods through December 31, 2020, Caniglio harvested the hay himself. In urging the trial court to grant a temporary injunction enjoining Caniglio from interfering with his rights under the farm lease agreement, Woods argued Caniglio's continued use of the property would "result in loss of income to Woods and cause him to spend substantial sums of money."

Canigilio filed this interlocutory appeal from the trial court's order granting Woods' temporary injunction arguing, among other things, that Woods failed to demonstrate the element of irreparable harm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Supp.). Because we conclude that the temporary injunction fails to adequately recite specific reasons supporting the finding of irreparable harm, as required by Rule 683 of the Texas Rules of Civil Procedure, we will, without the need to rule on any substantive issues between the parties, vacate the temporary injunction order and remand this matter to the trial court for further proceedings.

"Temporary injunctions are issued to preserve the status quo until trial on the merits." *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.-Longview, Inc.*, 563 S.W.3d 923, 927 (Tex. App.—Texarkana 2018, no pet.) (citing *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 759 (Tex. App.—Texarkana 2017, pet. dism'd)). Before a temporary injunction can issue, "there must be proof of '(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'" *Id.* (quoting *Hartwell*, 528

2

S.W.3d at 759). A temporary injunction must adequately address these elements pursuant to Rule 683 of the Texas Rules of Civil Procedure.

"In relevant part, [Rule] 683 requires every order granting a temporary injunction to state the reasons for its issuance and to be specific in its terms." *Id.* at 928 (quoting *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. CIV. P. 683)). "The requirements of rule 683 are mandatory and must be strictly followed." *Id.* (quoting *Collins*, 261 S.W.3d at 795) (citing Q*west Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1966) (per curiam))). "If a temporary injunction order fails to comply with the requirements of rule 683, it is void." *Id.* (quoting *Collins*, 261 S.W.3d at 795) (citing *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.))).

While the trial court's order concludes that Woods would suffer irreparable harm, it should also have "recite[d] facts supporting [that] determination" in order to satisfy Rule 683. *Id.* at 929. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Woods's prayer for injunctive relief stated that the harm he faced if the injunction were not granted would be "loss of income . . . [and] substantial sums of money." The trial court's order merely recites:

> Unless Defendant Coniglio is deterred . . . , Plaintiff will suffer imminent and irreparable injury without an adequate remedy at law, in that he would be denied the agreed and reasonable use of the leased property free from obstructions and restrictions on that right sought to be imposed by Defendant.

3

For that reason, the trial court enjoined Coniglio from "interfering with and preventing Woods's rightful and exclusive use of the leasehold for hay harvesting purposes" and "[c]utting[,] baling, transporting and/or using hay on the subject property and refusing to allow Wood[s] to harvest the hay as needed."

While the order states that Woods would be unable to use the property, it contains no explanation as to why any resulting harm from Woods's inability to use the property was irreparable such that it could not be compensated with money damages against Caniglio. Since the order did not show "'the facts the trial court relied on,' the finding [of irreparable harm] was improperly conclusory." *Good Shepherd Hosp.*, 563 S.W.3d at 929–30 (quoting *Collins*, 261 S.W.3d at 796 (citing *In re Chaumette*, 456 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.))).

Because the trial court's temporary injunction does not satisfy the requirements of Rule 683, we conclude that it is void. We vacate the trial court's order and remand the case to the trial court for further proceedings.


Scott E. Stevens
Justice

Date Submitted:      December 17, 2019
Date Decided:        December 18, 2019

4