**Reversed and Remanded; Opinion Filed May 7, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-20-00975-CV

**CITY OF DALLAS, Appellant**
**V.**
**STAMATINA HOLDINGS, LLC, ANGELOS HARRIS KOLOBOTOS,**
**AKA, ANGELOS KOLOBOTOS, AKA, ANGELOS KOLOMBOTOS, AKA,**
**ANGELOS KOLOBETOS, AKA, ANGELOS KOLOBOPOS, 1918**
**DULUTH, DALLAS COUNTY, TEXAS, IN REM, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-13349**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

The trial court rendered a temporary injunction requiring appellees to remedy several city code violations at an apartment complex purportedly owned by Stamatina Holdings, LLC (Stamatina)[1] and requiring the City to restore natural gas service to the property within 24 hours despite the existence of code violations relating to the natural gas line. The temporary injunction order does not set the case

---

[1] Stamatina is an entity owned by Angelos Harris Kolobotos. Kolobotos purported to transfer title to the property to Stamatina in 2016, however, records indicate Stamatina was not registered as an entity until 2019. The City filed counterclaims against Stamatina, Kolobotos, and the property in rem.

for trial on the merits and does not require appellees to post a bond. *See* TEX. R. CIV. P. 683, 684. The City filed this accelerated appeal, *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4), and argues the temporary injunction is void and must be dissolved. We agree. A temporary injunction that fails to comply with rules 683 and 684 is void. Accordingly, we reverse the trial court's temporary injunction, dissolve the injunction, and remand this case for further proceedings.

We issue this memorandum opinion because the parties are familiar with the facts and the legal issues are settled. TEX. R. APP. P. 47.4. Briefly, the City received complaints about the condition of the apartment complex and its inspectors found several health and safety code violations at the property. In particular, they found a gas leak that required Atmos Energy to shut off the natural gas supply. Inspector Renee Paramo returned to the property a few days later and found a plumber performing work on the gas line, but without a city permit. She instructed the plumber to obtain the necessary permit to complete his work. The inspection also revealed that the gas line was not buried at the required depth and was made of corrosive material. These violations rendered the gas line unsafe. Paramo contacted Atmos to flag the property as requiring a city permit, certifying completion of the necessary repairs, before reconnecting the gas service. Appellees later obtained a permit to repair the gas line. However, a tenant contacted Paramo a few days later to report a strong gas smell in the apartment. Atmos determined the gas line was still leaking and disconnected gas service.

Angelos Harris Kolobotos (Kolobotos) later scheduled a plumbing inspection at the property in an attempt to restore the gas service. The inspector observed that the gas line was still buried at too shallow a depth and the corrosive material in the line had not been replaced. Because the property was not in compliance with code requirements, the inspector did not authorize a permit to restore the gas service.

Kolobotos filed a pro se petition on behalf of Stamatina and the tenants of the property.[2] He requested a temporary injunction against the City to allow the natural gas supply to be restored. The City filed counterclaims against Stamatina, Kolobotos, and the property in rem. The City requested a temporary injunction requiring appellees to remedy the City Code violations, including repairs to the gas line. The trial court conducted a hearing on the City's application for a temporary injunction. Following the hearing, the trial court issued a temporary injunction granting the City's requested relief, but also ordering the City to allow gas to be restored to the property within 24 hours of the order. The temporary injunction did not set a date for trial on the merits and did not set a bond for appellees to obtain the injunctive relief against the City. The City filed this accelerated appeal, which suspended enforcement of the injunction.

---

[2] Kolobotos is not an attorney and lacks authority to represent a corporation or other individuals in court proceedings. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam). Ownership of the property is not clear from the record, but there is no dispute that Kolobotos maintains control of the property.

The City raises two issues on appeal. In the first issue, the City argues the trial court abused its discretion because the temporary injunction does not comply with rule 683 of the rules of civil procedure. In the second issue, the City argues the trial court abused its discretion because the temporary injunction does not set a bond for appellees as required by rule 684.

We review the trial court's granting or denying a temporary injunction for an abuse of discretion. *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). Rule 683, in relevant part, requires every order granting a temporary injunction to set forth the reasons for its issuance and include an order setting the cause for trial on the merits with respect to the ultimate relief sought. TEX. R. CIV. P. 683. The procedural requirements of rule 683 are mandatory and must be strictly followed. *Id*. A temporary injunction order that fails to comply with the requirements of rule 683 is void. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *Collins*, 261 S.W.3d at 795.

The temporary injunction before us does not include an order setting the case for trial on the merits with respect to the ultimate relief sought. Therefore, the order does not comply with rule 683, is void, and must be dissolved. *See Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *Collins*, 261 S.W.3d at 795. We sustain the City's first issue. Because the temporary injunction is void for failure to set the case for trial on the merits, we need not address the City's second issue. TEX. R. APP. P. 47.1.

We reverse the trial court's temporary injunction, dissolve the injunction, and remand this case for further proceedings.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200975f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-20-00975-CV      V.

STAMATINA HOLDINGS, LLC,
ANGELOS HARRIS KOLOBOTOS,
AKA, ANGELOS KOLOBOTOS,
AKA, ANGELOS KOLOMBOTOS,
AKA, ANGELOS  KOLOBETOS,
AKA, ANGELOS KOLOBOPOS,
1918 DULUTH, DALLAS
COUNTY, TEXAS, IN REM,
Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-13349.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the November 9, 2020 temporary injunction of the trial court is **REVERSED**, the temporary injunction is **DISSOLVED**, and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant CITY OF DALLAS recover its costs of this appeal from appellees STAMATINA HOLDINGS, LLC, ANGELOS HARRIS KOLOBOTOS, AKA, ANGELOS KOLOBOTOS, AKA, ANGELOS KOLOMBOTOS, AKA, ANGELOS  KOLOBETOS, AKA, ANGELOS KOLOBOPOS, 1918 DULUTH, DALLAS COUNTY, TEXAS, IN REM.

Judgment entered this 7th day of May, 2021.