

# NUMBER 13-20-00577-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE ESTATE OF REYMUNDO DE LA ROSA, DECEASED.

### On appeal from the Probate Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Longoria**

This is an appeal from a probate court's grant of a temporary injunction. By four issues, appellant Maria Fernanda Quintanilla claims that the probate court abused its discretion when it issued its temporary injunction order. Specifically, Quintanilla argues that (1) the probate court "ignored [the] harsh nature [of] temporary injunctions"; (2) appellee Javier Villalobos "cannot and never will establish [a] right of recovery"; (3) the temporary injunction order is improper due to lack of evidence; and (4) the temporary injunction fails to comply with Rule 683 of the Texas Rules of Civil Procedure. *See* TEX.

R. Civ. P. 683. We reverse and remand.

## I. BACKGROUND

Reymundo De La Rosa passed away on November 4, 2020. On December 3, 2020, Villalobos (Executor), executor of De La Rosa's estate (Estate), filed his "Application to Probate Will and for Issuance of Letters Testamentary . . ." with attached "Plaintiff's Original Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction." Among other things, the Executor's filing alleged that De La Rosa was divorced from Quintanilla in 2013. The application alleges that (1) the divorce decree awarded De La Rosa a certain bank account which Quintanilla had also previously owned during their marriage; (2) after De La Rosa died, but before probate of his will, Quintanilla transferred over $275,000.00 to a separate bank account; (3) County Court at Law No. One had granted a temporary restraining order requested by a beneficiary of De La Rosa's will, prohibiting Quintanilla from expending any of the funds she transferred to the other bank account; (4) Quintanilla had withdrawn $250,000.00 from said bank account in the form of a cashier's check before the temporary restraining order was granted; (5) the Executor sought recovery from Quintanilla, the nature of the lawsuit being conversion; and (6) the Executor requested a temporary restraining order and temporary injunction from the probate court, restraining Quintanilla from expending any funds from the $250,000.00 cashier's check in order to preserve the status quo during the pendency of the action.

On December 16, 2020, at a hearing for the Executor's request for temporary injunction, the probate court heard arguments from the Executor and Quintanilla.

Quintanilla testified but the hearing was cut short by the probate court due to a medical emergency. On December 28, 2020, the probate court heard arguments from the Executor and Quintanilla. On December 29, 2020, the probate court granted the Executor's request and signed a temporary injunction order, which read in part:

[Executor], Plaintiff herein, filed his Application for Temporary Restraining Order, Temporary Injunction[,] and Permanent Injunction, on December 3, 2020. On December 17, 2020, [Executor] filed his Motion to Extend Temporary Restraining Order.

The pleadings and evidence presented to the Court supports the facts set out in [Executor's] pleadings that the [E]state will suffer irreparable harm unless an order is entered to preserve and protect the Estate's assets, and the status quo and the property and rights and protection of the Estate, during the pendency of this action, and [Quintanilla], Defendant, is temporarily enjoined during the pendency of this action from expending any funds pulled from BBVA account no. 6790641012[1], in the form of a cashier's check in the amount of $250,000.00. Specifically, Respondent, [Quintanilla], through counsel, refused to enter a Rule 11 Agreement, essentially maintaining the "status quo" pending the court's decision on whether to extend the ex parte Temporary Restraining Order and on the requests for Temporary and Permanent Injunctions.

The Court finds that [Quintanilla] will commit the foregoing acts before a hearing is had on [Executor's] Motion for Permanent Injunction; if the commission of these acts is not enjoined, [Executor], Plaintiff, and the Estate will suffer irreparable injury because [Quintanilla] will commit the acts complained of before [Executor] can obtain a judgment and to the irreparable detriment of [Executor] and the Estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that [Quintanilla], Defendant herein, and all Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, are Ordered to cease from expending any funds pulled from BBVA account no. 6790641012[2], in the form of a cashier's check in the amount of $250,000.00 until further order of this court[.]

---

[1] Pleadings contained in the Clerk's Record indicate that the bank account number contained in the trial court's temporary injunction order may be typographically incorrect.

[2] Pleadings contained in the Clerk's Record indicate that the bank account number contained in the trial court's temporary injunction order may be typographically incorrect.

The Clerk of the above-entitled Court shall forthwith on the filing by [Executor,] [a]pplicant of the bond hereinafter required and on approving the same according to the law issue a temporary injunction in conformity with the law and the terms of this Order.

IT IS FURTHER[ ]ORDERED that [Quintanilla] appear before this court on the 19th day of January, 2021, at 1:30 o'clock, p.m., in the courtroom of this court, then and there to show cause, if any there be, why a permanent injunction should not be issued as requested by [Executor]. The clerk of the Court is hereby directed to issue a show cause notice to [Quintanilla] to appear at the permanent injunction hearing.

This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review temporary injunctions for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Id.*; *Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

In relevant part, Texas Rule of Civil Procedure 683 requires every order granting a temporary injunction to: (1) "set forth the reasons for its issuance"; (2) "be specific in terms"; (3) "describe in reasonable detail[,] and not by reference to the complaint or other document, the act or acts sought to be restrained"; and (4) "include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The reasons provided in a temporary injunction order "must be specific and legally sufficient on its face and not mere conclusory." *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.); *Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). The procedural requirements of Rule 683 are mandatory. *Qwest Commnc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337

4

(Tex. 2000) (per curiam). A temporary injunction that does not meet these requirements is "subject to being declared void and dissolved." *Id.* We may declare a temporary injunction void even if that claim has not been raised by the parties. *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795 ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683."); *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.).

"To support issuance of a temporary injunction, there must be proof of '(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'" *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 927 (Tex. App.—Texarkana 2018, no pet.) (quoting *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 759 (Tex. App. — Texarkana 2017, pet. dism'd)). The applicant need not establish that it ultimately will prevail at trial, only that it is entitled to preservation of the status quo pending trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam). If some evidence reasonably supports the trial court's decision, the trial court does not abuse its discretion. *Butnaru*, 84 S.W.3d at 211. If no evidence is presented, absent an agreement of the parties, a writ of injunction is improper. *Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Wyly v. Pres. Dall.*, 165 S.W.3d 460, 464 (Tex. App.—Dallas 2005, no pet.).

### III.   ANALYSIS

In her fourth issue, which is dispositive, Quintanilla claims that the probate court abused its discretion when it granted the Executor's request for temporary injunction

5

because the order fails to comply with Rule 683. Having reviewed the order and the record, we agree. *See* TEX. R. CIV. P. 683.

First, Rule 683 requires that a temporary injunction order specifically state the reasons for its issuance. *See id.* Here, the order neither concludes nor recites facts supporting a determination that the Executor established a probable right to relief at trial based on conversion, as sought by the Executor in his application for temporary injunction. *See Good Shepherd Hosp., Inc.*, 563 S.W.3d at 927; *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795; *El Tacaso, Inc.*, 356 S.W.3d at 744.

Second, to establish a probable injury that is irreparable, a party moving for a temporary injunction must show that there is "no adequate remedy at law." *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 929. Here, the order merely states that "[t]he pleadings and evidence presented to the Court supports the facts set out in [Executor's] pleadings that the [E]state will suffer irreparable harm . . ." but does not recite facts supporting that determination. In addition, the order neither concludes nor recites facts supporting a determination that the Executor had "no adequate remedy at law". *See Id.* ("If a temporary injunction order fails to comply with the requirements of rule 683 [by failing to include the reasons for its issuance,] it is void.") (quoting *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795); *see also Vantage Bank Tex. v. Gonzalez*, No. 13-19-00265-CV, 2020 WL 1615662, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, no pet.) (mem. op.) (holding that even when a trial court concluded the party seeking the injunction would suffer irreparable harm, the injunction was void if the court did not recite the facts and include an explanation supporting its conclusion). Although the order in this case states

6

that Quintanilla refused to enter a Rule 11 agreement, such a statement does not constitute a legally sufficient and specific finding that the Estate would suffer irreparable injury caused by a conversion for which there was no adequate remedy at law. *See Good Shepherd Hosp., Inc.*, 563 S.W.3d at 927; *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795; *El Tacaso, Inc.*, 356 S.W.3d at 746. Thus, the order's finding of irreparable harm was improperly conclusory. *See Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 808–09 n.5 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("'Conclusory' means '[e]xpressing a factual inference without stating the underlying facts on which the inference is based.'" (quoting *Conclusory*, BLACK'S LAW DICTIONARY (10th ed. 2014))); *see also Arkoma Basin Expl. Co. v. FMF Assos. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008).

Third, the order is void because it does not include an order setting the cause for trial on the merits. *See Qwest*, 24 S.W.3d at 337; *see also In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding that failure to contain a trial date voided the order); *see also First State Bank of Odem v. Flores*, No. 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2014, no pet.) (mem. op.) (collecting cases concluding the same).

For the reasons set forth above, we conclude the probate court abused its discretion when it signed the order. *See Sargeant*, 512 S.W.3d at 409; *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795. Therefore, we conclude that the temporary injunction order is void and dissolved for failure to comply with Rule 683. *See* TEX. R. CIV. P. 683; *see also Qwest*, 24 S.W.3d at 337. We sustain Quintanilla's fourth issue on appeal, and we do not

reach Quintanilla's remaining issues. *See* TEX. R. APP. P. 47.1.

## IV.  CONCLUSION

We reverse the probate court's order granting the temporary injunction, dissolve

the injunction, and remand the cause to the probate court for further proceedings.[3]


NORA L. LONGORIA
Justice

Delivered and filed on the
6th day of October, 2022.

---

[3] This dissolution is without prejudice as to future relief the parties may seek.