**Reversed, Remanded, and Opinion Filed December 30, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

___

### No. 05-22-00072-CV

___

**MARK BAILEY, EDAMAME, INC., ON BEHALF OF THEMSELVES AND DEEP ELLUM SUSHI, LTD., Appellants**
**V.**
**ARMANDO RAMIREZ, JERI CARROLL, FLEUR AUNG, H.A. TILLMAN HEIN, MARC BROWN, NINEBOANAS, LLC, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-15114**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In this interlocutory appeal, appellants Mark Bailey (Bailey) and Edamame, Inc. (Edamame), on behalf of themselves and Deep Ellum Sushi, Ltd., challenge the trial court's January 7, 2022 temporary injunction (the January Injunction), which enjoins Bailey and Edamame from taking certain actions related to the partnership interests of appellees Jeri Carroll, Fleur Aung, H.A. Tillmann Hein, and Marc Brown. In seven issues, Bailey and Edamame assert the trial court abused its discretion by issuing the January Injunction. We conclude, however, that Bailey and Edamame's sixth issue is dispositive because the January Injunction fails to comply

with the specificity requirements of Rule 683 and must be dissolved. *See* TEX. R. CIV. P. 683. We, therefore, include only those background facts necessary to address the question of specificity under Rule 683.

## BACKGROUND

The underlying proceeding involves a partnership dispute concerning Deep Ellum Sushi, Ltd., which operates the Deep Sushi restaurant in Dallas. Appellant Edamame, Inc. is Deep Ellum Sushi, Ltd.'s general partner, appellant Mark Bailey is Edamame's CEO and a controlling limited partner of Deep Ellum Sushi, Ltd., and appellees Jeri Carroll, Fleur Aung, H.A. Tillmann Hein, and Marc Brown are limited partners.

In October 2021, Bailey and Edamame sought an injunction preventing Carroll, Aung, Hein, and Brown from acting for the Deep Sushi partnership. Bailey and Edamame also asked the trial court to vacate certain Resolutions purportedly enacted by Carroll, Aung, Hein, and Brown and enjoin the Resolutions from taking effect. The trial court granted the requested relief and signed an injunction on November 22, 2021 (the November Injunction). Appellees did not appeal the November Injunction. Appellees Jeri Carroll, Fleur Aung, H.A. Tillmann Hein, and Marc Brown (collectively, Applicants) did, however, apply for a second injunction. On January 7, 2022, the trial court granted their application and signed the temporary injunction that is the subject of this appeal (the January Injunction).

The January Injunction reinstated Aung, Brown, Carroll, and Hein as partners of Deep Sushi, and included the following findings:

- Applicants are entitled to the relief sought in their Application for Temporary Injunction and an injunction is necessary to restrain [Bailey and Edamame] from taking actions prejudicial to Applicant's [sic] rights.

- The Court must immediately enjoin [Bailey and Edamame] from (a) terminating Applicants' Limited Partnership interests, (b) redeeming Applicants' Limited Partnership shares, (c) expelling Applicants from the Partnership, (d) otherwise impairing Applicants' Partnership interests pending final resolution of this matter.

- Applicants will suffer probable, imminent, irreparable injury with no adequate remedy at law because (a) [Bailey and Edamame] have sought to terminate the Limited Partner interests of Jeri Carroll, Fleur Aung, HA. Tillmann Hein, and Marc Brown, the legitimacy of such is a pending issue in this case. Further, [Bailey and Edamame's] putative termination of the Limited Partner interests of Jeri Carroll, Fleur Aung, H.A. Tillmann Hein, and Marc Brown would deprive Applicants of the opportunity to have such determination of legitimacy made at trial; (b) Applicants have no adequate remedy at law for loss of their Partnership interest.

- Applicants have shown a cause of action and probable right to relief.

- The status quo ante of the Partnership is that of the Partnership on November 22, 2021. The imminent harm faced by Applicants far outweighs the potential harm that could be sustained by either [Bailey or Edamame] if this injunctive relief were not granted because restoring the status quo ante of the Partnership on November 22, 2021 ensures that the Partnership will maintain its status before any contested action altering the relationship between [Bailey and Edamame] and Applicants.

–3–

The January Injunction included a trial date and bond amount and set out the following orders:

- [Bailey and Edamame's] and Applicants' statuses remain identical to their statuses on November 22, 2021 pending determination of the legitimacy of the parties' actions affecting Partnership membership and ownership.

- The parties are enjoined from taking any action affecting Partnership membership and ownership, the legitimacy of which is in question in this case, pending determination of the legitimacy of such actions by this Court.

Bailey and Edamame appeal the January Injunction.

## ANALYSIS

We review a trial court's order granting or denying a temporary injunction for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To be entitled to a temporary injunction, an applicant must plead and prove "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.*; *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 743 (Tex. App.—Dallas 2011, no pet.); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 794–95 (Tex. App.—Dallas 2008, no pet.); *Freedom LHV, LLC v. IFC White Rock, Inc.*, No. 05-15-01528-CV, 2016 WL 3548012, at *1 (Tex. App.—Dallas June 28, 2016, pet. dism'd) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE § 65.011. "For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard."

–4–

*El Tacaso*, 356 S.W.3d at 743. "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Id.* at 744 (quoting *Butnaru*, 84 S.W.3d at 210).

In relevant part, rule 683 requires every order granting a temporary injunction to state the reasons for its issuance and to be specific in its terms:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

TEX. R. CIV. P. 683. The requirements of rule 683 are mandatory and must be strictly followed. *El Tacaso*, 356 S.W.3d at 745; *Indep. Capital Mgmt.*, 261 S.W.3d at 795.

"[T]he obvious purpose of [rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *El Tacaso*, 356 S.W.3d at 744 (quoting *Schulz v. Schulz*, 478 S.W.2d 239, 244–45 (Tex. Civ. App.—Dallas 1972, no writ)). "A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory." *Id.* "To comply with rule 683, a trial court must set out in the temporary injunction order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered." *Id.* "Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms

that rule of civil procedure 683 is mandatory." *Id.* at 745. If a temporary injunction order fails to comply with the requirements of rule 683, it is void. *Liberty Fed. Sav. Bank v. 2908 Lovers Lane Enters., LLC*, No. 05-16-00389-CV, 2016 WL 6124139, at *2–3 (Tex. App.—Dallas Oct. 20, 2016, no pet.) (first citing *El Tacaso*, 356 S.W.3d at 745, and then citing *Indep. Capital Mgmt.*, 261 S.W.3d at 795 ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683.")). As we stated in *Independent Capital Management*,

> The temporary injunction order simply sets out the elements necessary for injunctive relief. It does not specify the facts the trial court relied on, making the trial court's findings conclusory. It also fails to identify the injury appellees will suffer if the injunction does not issue. Merely stating that appellees are "suffering irreparable harm" and have "no adequate remedy at law" does not meet the rule 683 requirement for specificity.

*Indep. Capital Mgmt.*, 261 S.W.3d at 796 (internal citations omitted). In that case, we concluded the temporary injunction order was void because it did not satisfy the requirements of Rule 683. *Id.* Likewise, the temporary injunction order in this case is void. *See id.*; *see also Vista Bank v. Nelezer, Inc.*, No. 05-21-00348-CV, 2021 WL 5027764, at *3 (Tex. App.—Dallas Oct. 29, 2021, no pet.) (mem. op.).

Here, the January Injunction states the applicants "are entitled to the relief sought" and an injunction is "necessary to restrain [Bailey and Edamame] from taking actions prejudicial to Applicants' rights." It does not, however, specify the facts the trial court relied on to reach those conclusions or provide any reason why

the applicants are entitled to the relief sought in their application. The January Injunction does not explain why the four actions being enjoined need to be enjoined or how those actions could prejudice Applicant's rights. The January Injunction is, therefore, conclusory. Further, the January Injunction does not specifically explain how appellees will suffer irreparable harm without the injunction and why they have no adequate remedy at law. These conclusory statements are insufficient to comply with the requirements of rule 683. *See Indep. Capital Mgmt.*, 261 S.W.3d at 796. Similarly, the January Injunction does not state what cause of action and what probable right to relief have been shown by applicants. Like the injunction in *Independent Capital Management*, the January Injunction does little more than set out the elements necessary for injunctive relief and fails to meet the specificity requirements of Rule 683.

We conclude the January Injunction is conclusory and lacks the specificity required by Rule 683 and sustain appellants' sixth issue.

## CONCLUSION

We conclude the injunction lacks the specificity required by Rule 683 and is void. Accordingly, we sustain appellants' sixth issue, declare the January Injunction void, dissolve the January Injunction, and remand for further proceedings. Because of this conclusion, we do not reach appellants' remaining issues. *See* TEX. R. APP. P. 47.1; *see also SISU Energy, LLC v. Hartman*, No. 02-19-00436-CV, 2020 WL 4006725, at *17 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.). We

further instruct the clerk of this Court to issue the mandate immediately. *See* TEX. R.
APP. P. 18.6; *see also Helix Energy Sols. Grp., Inc. v. Howard*, 452 S.W.3d 40, 45
(Tex. App.—Houston [14th Dist.] 2014, no pet.) (dissolving a void temporary
injunction and directing the clerk of the appellate court to issue the mandate
immediately).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220072F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK BAILEY, EDAMAME, INC., ON BEHALF OF THEMSELVES AND DEEP ELLUM SUSHI, LTD., Appellants

No. 05-22-00072-CV       V.

ARMANDO RAMIREZ, JERI CARROLL, FLEUR AUNG, H.A. TILLMAN HEIN, MARC BROWN, NINEBOANAS, LLC, Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-15114. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

In accordance with this Court's opinion of this date, the January 7, 2022 injunction of the trial court is **DISSOLVED** and this cause is **REMANDED** to the trial court for further proceedings. We further instruct the Clerk of this Court to issue the mandate immediately.

It is **ORDERED** that appellants MARK BAILEY, EDAMAME, INC., ON BEHALF OF THEMSELVES AND DEEP ELLUM SUSHI, LTD. recover their costs of this appeal from appellees ARMANDO RAMIREZ, JERI CARROLL, FLEUR AUNG, H.A. TILLMAN HEIN, MARC BROWN, NINEBOANAS, LLC.

Judgment entered this 30th day of December 2022.