**REVERSED and REMANDED, and Opinion Filed November 17, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00579-CV**

**HAILERMARIAM TEKLEHAIMANOT, ABEDBA TEFERI, MULUGHETA BELAY, TEKLE HABTE, AND MENGESHA TESFAMARIAM, Appellants**

**V.**

**MEDHANEALEM ERITREAN ORTHODOX TEWAHEDO CHURCH BY AND THROUGH ITS BOARD OF TRUSTEES, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-05213**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Partida-Kipness

In this interlocutory appeal, Appellants Hailermariam Teklehaimanot, Abedba Teferi, Mulugheta Belay, Tekle Habte, and Mengesha Tesfamariam seek to dissolve a temporary injunction order.[1] Appellants are disputed members of the board of trustees for Appellee Medhanealem Eritrean Orthodox Tewahedo Church (the Church). The trial court granted a temporary injunction enjoining Appellants

---

[1] This case originated in the Dallas County 95th Judicial District Court. After the temporary injunction order issued, the case was transferred to the Dallas County 116th Judicial District Court.

from, among other activities, excluding any Church members from any Church-owned property. In four issues, Appellants contend the trial court abused its discretion in granting the temporary injunction. We reverse and remand.

## BACKGROUND

This case involves two opposing factions in the Church and a dispute as to the rightful members of the Church's board of trustees (the Board). Appellants were elected to the Board at an annual meeting of the Church held on August 28, 2022. Related to the internal strife, on November 16, 2022, the Board removed priest Mussie Wolderufael (Mussie) for alleged disruptions and wrongdoings in the Church. Four days later, on November 20, 2022, the Board received a letter from one bishop purporting to excommunicate Appellants from the Church. That same day, a different bishop from another diocese "welcomed and recognized" the Church into its diocese. That bishop stated Appellants were "members in good religious standing" of the Eritrean Orthodox Tewahedo Church" and were members of the "true and rightful Board of Trustees."[2]

Appellants claim after Mussie was terminated, he and some of his followers broke into the Church on December 4, 2022, and took numerous items including artifacts, books, records, and computers. Appellants claim the rival faction then held an illegitimate meeting to elect a new Board. Appellants filed suit in the 116th District

---

[2] The parties dispute the authority and legitimacy of each diocese and bishop, and the validity and effect of the excommunication. We take no position on these issues or the rightful makeup of the Board.

–2–

Court of Dallas County to recover the stolen property and asked the court to declare Appellants as the current members of the Board. The defendants in that case, a faction of supporters for the Church here, filed a Rule 12 motion to show authority. The trial court granted the motion and dismissed the case with prejudice.[3]

Subsequently, the Church, by and through its new Board, filed this suit in the 95th District Court of Dallas County. The Church claimed Appellants restricted access to the Church. The Church asserted various claims and sought a temporary injunction against Appellants. The trial court conducted a hearing and later granted the injunction. The order enjoined Appellants from, among other activities, excluding any Church members from any Church-owned property. This appeal followed.

## STANDARD OF REVIEW

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id*. To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable

---

[3] We recently issued our opinion in that case, number 05-23-00250-CV, *Medhanealem Eritrean Orthodox Tewahedo Church by and through its Board of Trustees vs. Musise Dawit Negusse (aka Ngusse), Solomon Mebrahtu Gebretnsai, Mussie Wolderufael, and Fisum Tesfai Tedla.*

injury in the interim. *Id.* We review a trial court's decision to grant or deny a temporary injunction for abuse of discretion. *Id.*

## ANALYSIS

Appellants raise four issues on appeal. We address only those issues necessary to our decision.

## I. Trial Court's Jurisdiction

In their first issue, Appellants contend the temporary injunction order is void because the trial court lacked jurisdiction to enjoin Appellants from making a religious determination as to persons admitted or excluded from the Church.

The ecclesiastical abstention doctrine arises from the First Amendment's Free Exercise Clause. *In re Episcopal Sch. of Dallas, Inc.*, 556 S.W.3d 347, 352 (Tex. App.—Dallas 2017, orig. proceeding). The doctrine prevents secular courts from reviewing disputes that would require an analysis of theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required. *Id.* at 352-53. "Although wrongs may exist in the ecclesiastical setting, and although the administration of the church may be inadequate to provide a remedy, the preservation of the free exercise of religion is deemed so important a principle that it overshadows the inequities that may result from its application." *Id.* (quoting *Williams v. Gleason*, 26 S.W.3d 54, 59 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). Texas courts lack jurisdiction to decide ecclesiastical matters. *Retta v. Mekonen*, 338 S.W.3d 72, 76 (Tex. App.—

Dallas 2011, no pet.) (trial court lacked subject matter jurisdiction to enjoin members of church board of trustees from prohibiting persons from entering the church or removing persons during worship services).

The ecclesiastical abstention doctrine does not bar courts from determining certain property ownership issues. *See Episcopal Diocese of Fort Worth v. Episcopal Church*, 602 S.W.3d 417, 428 (Tex. 2020). Under the "neutral principles" methodology, ownership of disputed property is determined by applying generally applicable law and legal principles. *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 603 (Tex. 2013). That application will usually include considering evidence such as deeds to the properties, terms of the local church charter (including articles of incorporation and by laws, if any), and relevant provisions of governing documents of the general church. *Id.*

Here, a portion of the temporary injunction order enjoins Appellants from "excluding or opposing any Church Members from any property owned by the Church . . . ." Appellants contend the trial court had no subject matter jurisdiction to enjoin them from making a religious determination as to who is excluded or admitted, relying on our *Retta* decision. The Church contends the dispute has nothing to do with any spiritual decision by the Church to admit or exclude certain members from worshipping; rather, the dispute is whether Appellant may exclude the Church from its own property.

We acknowledge the underlying dispute may implicate the ecclesiastical abstention doctrine and the trial court's jurisdiction. To the extent the trial court's order involved a determination of ecclesiastical issues, the trial court lacked jurisdiction to grant the injunction. But we need not decide the issue because the order is void on its face, as explained below.

## II.    The Temporary Injunction Order Does Not Comply With Rule 683

In their third issue, Appellants contend the trial court's order is void because it does not strictly comply with Texas Rule of Civil Procedure 683.

Rule 683 requires every order granting a temporary injunction to state the reasons for its issuance and to be specific in its terms. TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. *Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) (citing *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam)). If a temporary injunction order fails to comply with the requirements of Rule 683, it is void. To comply with Rule 683, the trial court must set out in the temporary injunction order the reasons it believes the applicant will suffer injury if it does not grant the injunction. *Id.* (citing *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971)). The reasons must be specific and legally sufficient, and not mere conclusory statements. *Id.* A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of Rule 683. *Id.*

In *Collins*, we dissolved a temporary injunction that stated:

> in accordance with Section 65.011 of the TEX. CIV. PRAC. & REM. CODE
> (a) Plaintiffs are entitled to injunctive relief from this Court as a result
> of the actions committed by Defendants ICAP and ASSOCIATES, (b)
> Plaintiffs have a probable right to recover in this action, (c) Plaintiffs
> are suffering and will continue to suffer immediate and irreparable
> harm as a proximate result of the conduct of the Defendants ICAP and
> ASSOCIATES, (d) Plaintiffs have not [sic] adequate remedy at law, (e)
> action by the Court is necessary to preserve the status quo, and (f)
> Plaintiff's Motion request [sic] that a Temporary Injunction be issued,
> should be GRANTED.

*Collins*, 261 S.W.3d at 795-96. We held the order was conclusory, as it failed to specify the reasons relied upon by the trial court and failed to identify the injuries plaintiffs would suffer absent injunctive relief. *Id.*

Here, the temporary injunction order states, in relevant part:

> Based on the pleadings and evidence on file, the Court finds immediate
> and irreparable harm will result to the Applicants before trial. Unless
> they are enjoined from doing so, it appears that Defendants will take
> actions that change the status quo of the parties and for which
> Applicants have no adequate remedy at law and which would result in
> irreparable harm to Applicants.

As in *Collins*, the order merely sets out the elements necessary for injunctive relief. It does not specify the facts the trial court relied on, making the trial court's findings conclusory. It also fails to identify the injury the Church will suffer if the injunction does not issue. While the order details the acts enjoined, it fails to lay the predicate for doing so, other than in conclusory fashion. At argument, counsel for the Church acknowledged the order was deficient.

Because the order does not satisfy the requirements of Rule 683, the temporary injunction is void. We sustain Appellants' third issue. Because of our determination, we need not address Appellants' remaining issues.

## CONCLUSION

The temporary injunction order fails to comply with Rule 683. Accordingly, we reverse the order of the trial court, dissolve the temporary injunction, and remand to the trial court for further proceedings.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230579F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HAILERMARIAM
TEKLEHAIMANOT, ABEDBA
TEFERI, MULUGHETA BELAY,
TEKLE HABTE, AND
MENGESHA TESFAMARIAM,
Appellants

No. 05-23-00579-CV       V.

MEDHANEALEM ERITREAN
ORTHODOX TEWAHEDO
CHURCH BY AND THROUGH ITS
BOARD OF TRUSTEES, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-05213.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants HAILERMARIAM TEKLEHAIMANOT, ABEDBA TEFERI, MULUGHETA BELAY, TEKLE HABTE, AND MENGESHA TESFAMARIAM recover their costs of this appeal from appellee MEDHANEALEM ERITREAN ORTHODOX TEWAHEDO CHURCH BY AND THROUGH ITS BOARD OF TRUSTEES.

Judgment entered this 17th day of November, 2023.