**In re G. Christian CORCORAN and Peggy Corcoran, Relators.**

**No. 14–10–01187–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 2011.

Marc J. Wojciechowski, Malcom Deon Dishongh, Spring, for Relators.

Kimberly M. Spurlock, Humble, Jeffrey D. Roberts, Houston, for Real Party in Interest.

Panel consists of Justices BOYCE, CHRISTOPHER, and JAMISON.

## SUBSTITUTE OPINION

WILLIAM J. BOYCE, Justice.

We grant relators' motion for rehearing, withdraw our opinion of March 31, 2011, and substitute this opinion on rehearing.

In this original proceeding, G. Christian Corcoran and Peggy Corcoran, relators, seek a writ of mandamus ordering respondent, the Honorable Shearn Smith, sitting for the Honorable Kyle Carter in the 125th District Court of Harris County, Texas, to vacate his order signed August 3, 2009, granting an Agreed Mutual Temporary Injunction. Further, relators request we direct the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, Texas, to vacate his order signed October 14, 2009, granting sanctions against relators. We conditionally grant the writ.

Relators contend the order granting the Agreed Mutual Temporary Injunction is void as a result of the absence of a trial setting. We agree. "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex.R. Civ. P. 683. "This provision is mandatory; a failure to include a trial setting is grounds for voiding the injunction." *Kaufmann v. Morales*, 93 S.W.3d 650, 656 (Tex.App.-Houston 14th Dist.2002, no pet.); *see also In re Garza*, 126 S.W.3d 268 (Tex.App.-San Antonio 2003, orig. proceeding).

We therefore conditionally grant the petition for a writ of mandamus and direct the Honorable Shearn Smith, sitting for the Honorable Kyle Carter in the 125th District Court of Harris County, Texas, to vacate his order signed August 3, 2009, granting the Agreed Mutual Temporary Injunction. The writ will issue only if the Honorable Shearn Smith fails to act in accordance with this opinion.

Relators also contend the Order Granting Plaintiff's Motion for Contempt, signed October 14, 2009, must be vacated. We agree. A trial court that holds a party in contempt for violating a void order necessarily abuses its discretion. *See In re Garza*, 126 S.W.3d at 272 (citing *Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983)). Here, the trial court held relators in contempt for violating a void order. As such, the trial court abused its discretion, and relators are entitled to relief.

We therefore conditionally grant the petition for a writ of mandamus and direct the Honorable Kyle Carter to vacate his order signed October 14, 2009, granting sanctions. The writ will issue only if the Honorable Kyle Carter fails to act in accordance with this opinion.

Because we have found the order void, it will not support the award of sanctions or attorney fees. *See Ex parte Sealy*, 870 S.W.2d 663, 667 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding); *Keene Corp. v. Gardner*, 837 S.W.2d 224, 232 (Tex.App.-Dallas 1992, writ denied). We therefore order the Joneses and their attorney to refund to the Corcorans any monies they paid under the trial court's void order.