

# NUMBER 13-20-00354-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE EDINBURG INVESTMENT COMPANY,**

**Appellant,**

**v.**

**ARACELI RODRIGUEZ,**                                                                   **Appellee.**

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

By four issues, appellant the Edinburg Investment Company (EIC) challenges the

trial court's granting of a temporary injunction in favor of appellee Araceli Rodriguez. EIC

alleges that: (1) the trial court violated Rule 683 of the Texas Rules of Civil Procedure by

failing to include a trial date setting in its order; (2) the trial court violated Rule 684 of the civil practices and remedies code by failing to require or set a bond; (3) Rodriguez's pleadings and evidence were insufficient to support the temporary order; and (4) the temporary injunction was fatally defective and void because it fails to identify harm or identify the acts to be restrained. *See* TEX. R. CIV. P. 683, 684. We reverse and remand.

## I. BACKGROUND

On January 17, 2020, Rodriguez executed a note in favor of EIC for $119,025.01 and secured the note by a deed of trust for the property in question. Rodriguez agreed that she would make monthly payments of $1341.67 until January 1, 2022. Although the facts regarding payments made prior to April 2020 are not clear, it is undisputed that Rodriguez failed to make her April 2020 payment when her check to EIC was returned for insufficient funds.

On April 13, 2020, EIC sent Rodriguez a notice of default and intent to accelerate her loan if she did not cure the default within thirty days. Rodriguez did not respond. On May 14, 2020, EIC sent Rodriguez a notice of acceleration which included a clause that stated: "Without Noteholder's prior agreement in writing, any partial payment made after the date of this letter will not be considered a cure of any default or a waiver of acceleration of this debt." The following month, EIC filed a notice of substitute trustee's sale or foreclosure.

In July 2020, Rodriguez filed a petition requesting a temporary restraining order (TRO) and a request for temporary injunction claiming that EIC engaged in acts waiving

2

its right to foreclosure. The trial court granted the TRO. The trial court conducted a hearing on August 4, 2020, in which no witnesses testified and no evidence was offered.[1] On August 11, 2020, the trial court granted Rodriguez's request for a temporary injunction with the following order:

> ON THIS DAY, August 11, 2020, came on to be considered *Plaintiff's Application for Temporary Injunction* in this cause. After consideration of the pleadings, evidence, and briefs, and arguments of counsel, the Court finds that the Motion should be and hereby is:
>
> XX GRANTED.

This appeal followed.[2]

## II.    TEMPORARY INJUNCTION

A trial court's grant or denial of a temporary injunction is reviewed for an abuse of discretion. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *InterFirst Bank San Felipe v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Super Starr Int'l LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Vantage Bank Tex. v Gonzalez*, No. 13-19-00265-CV, 2020 WL 1615662, *3 (Tex. App.—Corpus Christi–

---

[1] There was argument during the August hearing that EIC had deposited Rodriguez's postdated checks after it sent the notice of acceleration. Rodriguez had apparently given EIC postdated checks to be deposited at the beginning of each month on her note. However, the checks were not introduced into evidence before the trial court.

[2] Rodriguez's trial counsel filed a letter with this Court stating he would not be filing a brief on Rodriguez's behalf and that based on EIC's issues, the "trial court could amend its order to address these issues" but he had been "unable to obtain an amended order from the trial court and d[id] not expect that [he would] be able to do so."

Edinburg April 2, 2020, no pet.). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding principles and rules. *Butnaru*, 84 S.W.3d at 211.

The Texas Rules of Civil Procedure require every order granting a temporary injunction to: (1) specifically state the reasons for its issuance and state, with reasonable detail and not by reference to the complaint or other document, the acts sought to be restrained; and (2) contain a trial setting date. TEX. R. CIV. P. 683. Further, an applicant must "execute and file with the clerk a bond to the adverse party . . . before the issuance of the temporary restraining order or temporary injunction." *Id*. R. 684. The requirements of rules 683 and 684 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). If a temporary injunction fails to meet these requirements, it is to be declared void and dissolved by the reviewing court. *Id*.; *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Vantage Bank*, 2020 WL 1615662, at *3.

Having reviewed the order and record, we conclude that the temporary injunction fails to comply with Rules 683 and 684. *See* TEX. R. CIV. P. 683, 684. We observe that the order does not specifically state the reasons for its issuance. The trial court's order makes no mention of any harm Rodriguez would suffer. *See Vantage Bank*, 2020 WL 1615662, at *3. Since the order did not show "'the facts the trial court relied on,' a[n] [implied] finding [of irreparable harm] was improperly conclusory." *Good Shepherd Hosp. Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 929–30 (Tex. App.—Texarkana 2018, no pet.); *Vantage Bank*, 2020 WL 1615662, at *3; *see also Arkoma*

4

*Basin Expl. Co. v. FMF Assos. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

Additionally, the order is void because it does not contain a trial setting. *See Qwest*, 24 S.W.3d at 337; *see also In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding that the failure to contain a trial date setting voided the order); *First State Bank of Odem v. Flores*, No. 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2014, no pet.) (mem. op.) (collecting cases concluding the same). The temporary injunction also failed to require a bond. *See* Tex. R. Civ. P. 684; *see Bay Fin Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.) (holding a temporary injunction order void for noncompliance with Rules 683 and 684). Because there was no bond assessed or trial setting determined in the temporary injunction order, the order is "void on its face." *See Vantage Bank*, 2020 WL 1615662, at *4.

For the reasons stated above, we conclude that the temporary injunction order is void and dissolved. We sustain EIC's first, second, and fourth issues. We do not reach EIC's remaining issue of whether Rodriguez appropriately pleaded and proved the elements necessary to obtain a temporary injunction. *See* Tex. R. App. P. 47.1; *see also Qwest*, 24 S.W.3d at 337.

### III.    CONCLUSION

Because the temporary injunction does not satisfy the requirements of Rules 683

5

and 684, we conclude that it is void and dissolved. *See* TEX. R. CIV. P. 683, 684. We reverse and remand for proceedings consistent with this memorandum opinion.

GINA M. BENAVIDES
Justice

Delivered and filed the
22nd day of December, 2020.

6