# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00238-CV

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas, Appellants**

**v.**

**Zertuche Construction, LLC, Appellee**

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000889, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Glenn Hegar, the Comptroller of Public Accounts (the Comptroller), and Ken Paxton, the Attorney General of the State of Texas (the Attorney General), bring this interlocutory appeal of the trial court's temporary injunction order, which enjoins them from engaging in any tax collection efforts against Zertuche Construction, LLC (Zertuche), or suspending Zertuche's sales and use tax permit. We will reverse the trial court's order, dissolve the temporary injunction, and remand the cause to the trial court for further proceedings.

## BACKGROUND

The Comptroller audited Zertuche's sales-and-use tax report for the period from January 1, 2011 through June 30, 2014, assessing additional taxes, penalties, and interest. Zertuche timely filed for redetermination. *See* Tex. Tax Code § 111.109. After a decision upholding an assessment of approximately $2.6 million, Zertuche submitted a written protest

letter to the Comptroller stating its grounds for its challenge to the assessment. Additionally, Zertuche filed with the Attorney General a statement of grounds for seeking an injunction, as required by Texas Tax Code section 112.101. *See id.* § 112.101(a)(1). Soon after, Zertuche filed suit challenging the assessment and seeking an injunction to prohibit the Comptroller from taking action to collect the taxes owed under the assessment. *See id.* §§ 112.052, .101. Relying on the inability-to-pay provision of Texas Tax Code section 112.108, Zertuche filed an oath of inability to pay the taxes assessed, claiming that requiring it to prepay the amount of taxes, penalties, and interest assessed would constitute an unreasonable restraint on its right of access to the courts. *See id.* § 112.108 (providing inability-to-pay exception to prepayment prerequisite to challenging tax assessment). The Comptroller responded by filing a plea to the jurisdiction, arguing that the suit should be dismissed for lack of subject-matter jurisdiction. The Comptroller asserted that because Zertuche failed to meet the statutory requirements for filing a protest suit and for seeking injunctive relief under the Texas Tax Code, the suit was barred by sovereign immunity. *See EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749-50 (Tex. 2020) (discussing jurisdictional requirements to challenge tax assessment).

The trial court conducted a combined hearing on the Comptroller's plea to the jurisdiction and Zertuche's application for a temporary injunction to enjoin tax collection. After hearing argument on the plea, the trial court determined that it would exercise its inherent authority to stay the proceedings pending the Texas Supreme Court's disposition of *EBS Solutions*, a case involving issues that the trial court found to overlap with the issues in the case before it. *See id.* at 760-61 (addressing whether trial court had subject matter jurisdiction over taxpayer's suit to challenge Comptroller's tax assessment when taxpayer failed to prepay taxes). The trial court also signed an order granting a temporary injunction enjoining the tax collection.

2

The Comptroller then filed this interlocutory appeal of the temporary injunction order. The Comptroller asserted that the order was void because it did not conform to Texas Rule of Civil Procedure 683; specifically, it failed to include "an order setting the cause for trial on the merits with respect to the ultimate relief sought." *See* Tex. R. Civ. P. 683. The Comptroller also argued that the order was void because it failed to impose a statutory bond in the amount required by Texas Tax Code section 112.101. *See* Tex. Tax Code § 112.101(a)(2)(B) (setting forth amount of bond to be filed in lieu of prepayment when taxpayer seeks injunctive relief under section 112.101). The Comptroller also maintained that the trial court abused its discretion in granting the temporary injunction because: (1) Zertuche failed to either prepay the tax assessment or post a bond in the amount required by section 112.101 and (2) Zertuche did not demonstrate a reasonable probability of prevailing on the merits, irreparable harm if the request for a temporary injunction was not granted, or that it had no other adequate remedy available to it.

At Zertuche's request, this Court abated the appeal pending the Texas Supreme Court's disposition of *EBS Solutions*. *See Hegar v. Zertuche Constr., LLC*, No. 03-19-00238-CV, 2019 WL 5280986, at *1 (Tex. App.—Austin Oct. 18, 2019, no pet.) (abating appeal). After the supreme court issued its opinion in *EBS Solutions*, we reinstated this appeal and requested that the Comptroller and the Attorney General file a supplemental brief addressing the effect of the supreme court's decision on the issue presented in the appeal. In response, the Comptroller and the Attorney General filed a brief in which they withdrew their argument related to the amount of the bond and their contention that the trial court's lack of subject-matter jurisdiction precluded a reasonable possibility that Zertuche would prevail on the merits. However, the Comptroller and

3

the Attorney General continued to assert that the temporary injunction was both void and an abuse of discretion for the other reasons stated in its opening brief.

## ANALYSIS

Because it is dispositive, we first address the Comptroller and the Attorney General's argument that the temporary injunction order is void because it fails to comply with the requirements of Texas Rule of Civil Procedure 683. Rule 683 requires that an order granting a temporary injunction state the reasons for its issuance and set "the cause for trial on the merits with respect to the ultimate relief sought." *See* Tex. R. Civ. P. 683; *Conlin v. Haun*, 419 S.W.3d 682, 685-86 (Tex. App.—Houston [1st Dist.] 2013, no pet). "These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of rule 683 are mandatory and must be strictly followed); *State Bd. for Educator Certification v. Montalvo*, No. 03-12-00723-CV, 2013 WL 1405883, at *2 (Tex. App.—Austin Apr. 3, 2013, no pet.) (mem. op.) (holding that temporary injunction order that does not include trial setting is void); *In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Agreed Mutual Temporary Injunction" order was void because it did not comply with rule 683); *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding) (temporary injunction order that does not comply with rule 683 is void); *Kaufman v. Morales*, 93 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("This provision [rule 683] is mandatory; a failure to include a trial setting is grounds for voiding the injunction.").

4

The trial court's injunction order in the present case provides: "The parties will set this matter for trial as soon as possible after the resolution of *EBS Solutions* if Defendants' Plea to the Jurisdiction and Motion to Dismiss for Lack of Jurisdiction is denied by this Court." Thus, rather than set a date for trial, the order provides that the parties *will set* the matter for trial. Relying on *Outback Steakhouse of Florida, Inc. v. Reneau*, Zertuche argues that rule 683 does not require that the order "set a date certain" for trial. *See* No. 04-01-00469-CV, 2002 WL 22045, at *2 n.2 (Tex. App.—San Antonio Jan. 9, 2002, no pet.). In *Outback Steakhouse*, the court held that although a specific trial date need not be set in the order, the order must "set the cause for trial on the merits" and that "rule 683 implicitly requires the injunction to order the cause be calendared on the trial court's docket." *Id.* The order in the present case neither sets a date for a trial on the merits nor orders the cause to be calendared on the trial court's docket. Instead, the order recites that the parties will, on some date in the future, set the matter for trial.

Because the temporary injunction order does not set the cause for trial on the merits as required by rule 683, we conclude that it is void. Thus, we reverse the trial court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.[1]

---

[1] Having found the order void for failure to comply with the requirement that it set the cause for trial on the merits, we need not reach the Comptroller and the Attorney General's remaining challenges to the trial court's order. *See* Tex. R. App. P. 47.1.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Reversed and Remanded

Filed:   January 22, 2021