

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-24-00080-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: June 12, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

The Texas Department of Family and Protective Services seeks mandamus review of several provisions included in an order rendered from the bench on February 1, 2024, as reflected in a written order issued on April 1, 2024 (the February Order). We conditionally grant mandamus relief in part.

### BACKGROUND

The Department is the permanent managing conservator of J.D.,[2] the seventeen-year-old child who is the subject of the underlying matter pending in the trial court. The Department has

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D. a Child*, in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

[2] To protect J.D.'s privacy, we refer to him by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

been J.D.'s permanent managing conservator since June 29, 2021, when the trial court terminated J.D.'s parents' parental rights.

On or about January 23, 2024, J.D. eloped from the Department's custody, travelled to Houston, Texas, and then, ultimately, to Philadelphia, Pennsylvania. On January 31, 2024, after hearing directly from J.D., the trial court ordered an emergency hearing be held the following day regarding efforts to return J.D. to Texas. The trial court specifically ordered that Department employees Julian Apolinar and Leticia Lozano appear in person for that hearing, but neither appeared. At the emergency hearing, counsel for the Department explained Lozano was absent because she had spent the night in the ER with a sick child. Counsel offered no excuse for Apolinar's absence.

During the emergency hearing, the Department presented Farrin Turner as a witness, to testify regarding the Department's efforts to locate and return J.D. to Texas. In addition to that testimony, Ms. Turner was asked if she knew whether J.D. had been trafficked and/or sexually assaulted during his absence from Texas, or whether J.D. had made outcries about being sexually molested with objects during this time. The trial court was not satisfied with Ms. Turner's testimony on either of these subjects.

At the end of the emergency hearing, the trial court rendered the February Order from the bench. On February 5, 2024, the Department filed a petition for a writ of mandamus and a motion for temporary relief, challenging the following decretal paragraphs of the February Order:

> 2.2     It is further ordered that Julian Apolinar shall be personally served with an order to appear for a show cause contempt hearing based on his nonappearance at the emergency hearing on February 1, 2024.
>
> 2.3     It is further ordered that Leticia Lozano will e-file a unredacted document from a medical provider explaining why Leticia Lozano did not appear at the February 1, 2024 emergency hearing in this court by noon, February 5, 2024.

2.4      It is further ordered that the Department shall e-file a detailed report regarding the child's whereabouts and efforts to actually bring the child back to care, day by day, beginning January 23, 2024 through noon on February 5, 2024.

2.5      The child's case team (4 members minimum) shall prepare Affidavits regarding their knowledge of the child's sex trafficking victimization and e-filed not later than noon February 5, 2024.

2.6      The child's case team shall respond to all texts from the child's attorneys no more than one hour after the texts have been sent.

The Department argues that these provisions should be vacated because the court was without authority to make these rulings and because the rulings violate Texas law and the Separation of Powers Clause of the Texas Constitution.

On February 5, 2024, we issued an order requesting a response, granting the Department's motion for temporary relief in part, and staying these challenged provisions pending consideration of the mandamus petition.[3]

### STANDARD OF REVIEW AND APPLICABLE LAW

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . . ." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2006) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), *disapproved of on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)).

---

[3] A response was filed by J.D.'s attorney ad litem, but no response was filed by respondent.

"Mandamus is [also] proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## DEPARTMENT'S ARGUMENTS

### IN ITS MANDAMUS PETITION, THE DEPARTMENT MAKES THREE ARGUMENTS.

### A. Directing Department Employees

The Department argues the trial court violated the Separation of Powers Clause when it directed Department employees to respond to J.D.'s attorneys' texts within one hour.

### B. Court's Power to Compel Witnesses

The Department next argues the trial court has abused its discretion by setting the stage for contempt proceedings based on Apolinar's and Lozano's failure to appear at the emergency hearing. The Department asserts that, because these employees were not served with an order to appear and testify, they have not been afforded due process.

### C. Unauthorized Discovery

Last, the Department also argues the trial court lacked the authority to order the Department to submit a detailed report regarding J.D.'s whereabouts and the efforts to bring J.D. back to care and lacked the authority to order Department employees to prepare affidavits regarding their knowledge of J.D.'s sex trafficking victimization. The Department asserts that these rulings require the Department to engage in unauthorized discovery.

## TRIAL COURT'S AUTHORITY

### A.     Separation of Powers

"The Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers." *In re D.W.*, 249 S.W.3d 625, 635 (Tex. App.—Fort Worth 2008, pet. denied). "Where one branch of government assumes powers more properly attached to another branch or unduly interferes with the powers of another, any resulting order is void." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 161, 168 (Tex. App.—San Antonio 2022, orig. proceeding).

### B.     Permanency Hearing Assessments

The orders challenged in this mandamus proceeding were rendered at permanency hearings following a final order.[4] *See* TEX. FAM. CODE ANN. §§ 263.002, .501; *In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) ("When the Department has been named a child's managing conservator, the court 'shall hold a hearing to review the conservatorship appointment' at least once every six months until the child becomes an adult' . . . [to] continuously review the propriety of the Department's conservatorship . . . ." (quoting TEX. FAM. CODE §§ 263.002, .501)). At such hearings, the trial court shall "review the permanency progress report" filed by the Department. *See* TEX. FAM. CODE ANN. § 263.5031(a)(4); *In re Tex. Dep't of Fam. & Protective Servs.*, 679 S.W.3d 266, 276 (Tex. App.—San Antonio 2023, orig. proceeding). "The inclusion of 'review' within the text of section 263.5031(a)(4) allows the court to inspect, consider, or reexamine the

---

[4] While the trial court refers to the February 1, 2024 hearing as an "emergency hearing," the nature of the hearing clearly reflects the court is attempting to "assess the safety and well-being of the child" as required in a permanency review hearing pursuant to Subchapter F, Chapter 263, of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 263.5031(a)(4), .502. In its briefing, the Department states "the trial court held the Emergency Hearing presumably pursuant to Subchapter F, Chapter 263, of the Texas Family Code."

Department's permanency progress report." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171.

As we have previously explained, at a permanency review hearing "a trial court may assess the safety and well-being of the child and whether the child's needs are being adequately addressed." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257. "But that charge presupposes the trial court will faithfully follow the applicable laws." *In re Tex. Dep't of Fam. & Protective Servs.*, 679 S.W.3d at 276 (citing TEX. CONST. art. XVI, § 1 (oath of office); TEX. CODE JUD. CONDUCT, CANONS 2(A), 3(B), 3(B)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. C; *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 555 (Tex. 2006) (emphasizing that "judges are advocates only for the law")).

## C.     Limits on Trial Court's Authority

We have also repeatedly explained that "the [L]egislature gave the Department the authority to determine which goods and services to provide the children in its care and how much to pay for those goods and services." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 2155.144(c), (d)). We have held that when the trial court orders the Department to enter into specific contracts to provide specific services to the children in the Department's care, it violates the Separation of Powers Clause of the Texas Constitution. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313, at *6–7 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.).

Thus, "[w]hile the trial court has continuing jurisdiction over the case and the parties and has the statutory authority to review the actions taken by the Department on behalf of a child under its care, the court may not usurp legislative authority by substituting its policy judgment for that of the Department." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171 .

**ASSIGNING, MANAGING DEPARTMENT PERSONNEL**

We first address the paragraph 2.6 of the Order that directs and manages the duties of specific Department personnel.

> 2.6 The child's case team shall respond to all texts from the child's attorneys no more than one hour after the texts have been sent.

Our analysis is guided by cases in which similar orders, rendered by the same trial court, were held to violate the Separation of Powers Clause. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169, at *5 (Tex. App.—San Antonio July 6, 2022, orig. proceeding) (mem. op.) ("We do not question that trial courts have the power to decide and monitor issues before them, especially when the best interest of a child is at stake. However, this power does not extend to the assignment and management of Department employees."); *In re Tex. Dep't of Family & Protective Servs.*, No. 04-23-00865-CV, 2024 WL 1289597 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding) (orders requiring the Department to provide round-the-clock supervision of child violate the Separation of Powers Clause and are void); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175, 178 (Tex. App.—San Antonio 2022, orig. proceeding) (holding trial court lacked authority to require Department employees to remain in the jury room during work hours until a placement for a child was found).

Following this principle and this court's precedent, we find that paragraph 2.6 is void because the trial court has no authority to manage Department employees by directing how and when they must monitor communications and respond to same.

**COMPLIANCE WITH THE TEXAS FAMILY CODE'S NOTICE PROVISIONS**

Next, we address paragraphs 2.2 and 2.3 of the Order, which the Department argues are void because its employees were not properly served with the original order to appear at the emergency hearing.

2.2     It is further ordered that Julian Apolinar shall be personally served with an order to appear for a show cause contempt hearing based on his nonappearance at the emergency hearing on February 1, 2024.

2.3     It is further ordered that Leticia Lozano will e-file a[n] unredacted document from a medical provider explaining why Leticia Lozano did not appear at the February 1, 2024 emergency hearing in this court by noon, February 5, 2024.

The Texas Family Code requires that notice be given ten days prior to any permanency hearing. *See* TEX. FAM. CODE § 263.501(c) ("Notice of each permanency hearing shall be given as provided by Section 263.0021 to each person entitled to notice of the hearing."); TEX. FAM. CODE ANN. § 263.0021 (b) ("The following persons are entitled to at least 10 days' notice of a hearing under this chapter and are entitled to present evidence and be heard at the hearing: the department . . . [and] any other person or agency named by the court to have an interest in the child's welfare.").

Because the trial court is not authorized to hold permanency hearings without such notice, it cannot initiate enforcement proceedings based on a failure to appear at the unauthorized February 1, 2024 permanency hearing. *See In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00166-CV, 2022 WL 3372425, at *2 (Tex. App.—San Antonio August 17, 2022, orig. proceeding) (mem. op.) (order requiring action in furtherance of void order is void). *See also In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("A trial court that holds a party in contempt for violating a void order necessarily abuses its discretion."). For the same reasons, paragraphs 2.2 and 2.3 are void in that they order action in furtherance of a void order. Paragraph 2.2 orders Apolinar be served with an order to appear for a "show cause contempt hearing" for his failure to comply with a void order to appear at the February 1, 2024 hearing, and paragraph 2.3 orders Lozano to provide documentation relating to her failure to comply with a void order to appear at the same hearing.

## COURT'S POWER TO COMPEL DISCOVERY

Next, we address paragraphs 2.4 and 2.5 of the Order, which the Department argues are void because they amount to discovery orders that the trial court had no authority to issue.

> 2.4 It is further ordered that the Department shall e-file a detailed report regarding the child's whereabouts and efforts to actually bring the child back to care, day by day, beginning January 23, 2024 through noon on February 5, 2024.

> 2.5 The child's case team (4 members minimum) shall prepare Affidavits regarding their knowledge of the child's sex trafficking victimization and e-filed not later than noon February 5, 2024.

The Department asserts that these paragraphs are void because they amount to impermissible discovery orders and there is no applicable rule or statute that allows a court to order a party to conduct discovery without a motion. For support, the Department points to this court's prior decisions holding that the court does not have authority to order discovery. *See, e.g., In re Tex. Dep't of Fam. & Protective Services*, No. 04-22-00163-CV, 2022 WL 2821251 *2 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) ("The trial court's order requiring the Department to secure and pay for the depositions is not supported by the exercise of one of the generally recognized inherent powers recognized by Texas courts."); *In re Tex. Dep't. of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313, at *8 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.) ("The trial court's order identifies no statutory or inherent authority authorizing it to sua sponte order the Department to engage in discovery.").

However, pursuant to Subchapter F, Chapter 263, of the Texas Family Code, the trial court must hold permanency hearings in which it reviews permanency progress reports filed by the Department. *See* TEX. FAM. CODE ANN. §§ 263.5031, 263.502. Section 263.502 of the Texas Family Code specifies what the "permanency progress report must contain," which includes "***any additional information*** . . . that is requested by the court and relevant to the court's findings and

determinations under Section 263.5031." TEX. FAM. CODE § 263.502(a-1)(3) (emphasis added). Section 263.5031 specifies that the court make findings and determinations related to "the safety and well-being of the child and whether the child's needs, including any medical or special needs, are being adequately addressed." TEX. FAM. CODE § 263.5031(a)(4)(A).

The information sought under these paragraphs is relevant to the findings the trial court must make regarding "the safety and well-being" of J.D. Accordingly, the trial court is authorized to request and receive this information, as a supplement to the permanency progress report, and we reject the Department's characterization of this paragraph as an unauthorized discovery order.

However, even though such information is relevant to the trial court's mission under Chapter 263, nothing in that chapter requires information to be submitted via sworn statements. Given the absence of authority under Chapter 263, which controls this matter, we find that paragraph 2.5 is void.

### CONCLUSION

We deny the relief sought in connection with paragraph 2.4 of the February Order. The Department shall have ten days from the date of this order to comply with paragraph 2.4 if it has not done so already.

But we conclude that the trial court did not have authority to include paragraphs 2.2, 2.3, 2.5, or 2.6 of the February Order. Because these provisions were included without any authority—constitutional, statutory, inherent, or otherwise—they are void. Therefore, we conditionally grant the petition for writ of mandamus in part.

We lift our February 5, 2024 stay of the challenged provisions and direct the trial court to vacate paragraphs 2.2, 2.3, 2.5, and 2.6 of the February Order. We also temporarily lift our stay dated April 11, 2024, issued in the related original proceeding No. 04-24-00219-CV, and in the underlying cause, for the sole purpose of allowing the trial court to vacate these provisions. The

trial court is not authorized to take any other action. All other relief is denied. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion and order.

Patricia O. Alvarez, Justice