

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00464-CV
_____

3.0 CFSFH, LLC, Appellant

V.

CAROLYN EVERDS JOHNSON, BY AND THROUGH HER AGENT, TRACY
FOREMAN, Appellee

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2025-PR00848-2-A

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

## I. INTRODUCTION

This is an appeal from a probate court's grant of a temporary injunction. In two issues, Appellant 3.0 CFSFH, LLC claims that the probate court abused its discretion when it ordered a temporary injunction. Specifically, Appellant argues that the order fails to comply with Rule 683 of the Texas Rules of Civil Procedure and that the probate court erred because it refused to hear Appellant's motions to continue the injunction hearing and to compel discovery. *See* Tex. R. Civ. P. 683. Because we will reverse and remand on the first issue, we will not reach the second.

## II. BACKGROUND

The underlying case is an ancillary proceeding concerning a dispute about the ownership of real property in the estate of Ralph Alfred Schweitzer, who died intestate in 2019. Schweitzer had two children who survived him but then died without issue in 2023. Appellant claims ownership of the property through inter vivos transfers by two people who claim to be Schweitzer's adopted children. During the pendency of the suit to determine Schweitzer's heirs, Appellee Carolyn Everds Johnson, by and through her agent, Tracy Foreman, filed a petition seeking a temporary injunction to preserve the property in question and to invalidate Appellant's claim to the property.

After hearing testimony from Foreman and argument from Appellee and Appellant, the trial court granted Appellee's requested injunction. The order read in pertinent part:

After reviewing the pleadings, the evidence presented by the parties, and the arguments of counsel, the [c]ourt finds that [Appellee] is entitled to a temporary injunction and that [Appellant] should be enjoined from the acts prohibited below.

The [c]ourt finds that [Appellee] has a probable right to relief on her claims. The [c]ourt further finds that, unless temporarily enjoined as set forth below, [Appellee] will suffer immediate and irreparable injury, loss, or damage because [Appellant] will engage in conduct that will cause waste or destruction to the real property made the basis of this suit and prevent [Appellee] from recovering the property for the rightful heirs in the property's current condition. The [c]ourt further finds that [Appellee] will suffer immediate, irreparable injury if the requested injunctive relief is not granted because [Appellant] has borrowed $750,000.00 against the subject property with a maturity date of May 1, 2026, but the subject property does not produce income. The [c]ourt further finds that these funds will likely be used by [Appellant] to modify or raze the subject property if not restrained.

It is therefore ordered, adjudged, and decreed that [Appellant], and any persons acting in concert with them or on their behalf, are temporarily restrained from engaging in the following conduct:

a) Entering or attempting to enter the property;
b) Making any structural modifications, additions, or alterations;
c) Painting, repairing, or modifying any interior or exterior surfaces;
d) Installing, removing, or modifying any fixtures, appliances, or equipment;
e) Changing or rekeying locks, security systems, or access controls;
f) Altering landscaping, removing plants, or modifying outdoor areas;
g) Installing or removing fencing, gates, or boundary markers;
h) Damaging, destroying or vandalizing any part of the property;
i) Removing, damaging, or disposing of any personal property on the premises;
j) Interfering with or damaging any mechanical systems;
k) Causing any waste or deterioration of the property;
l) Directing, instructing, encouraging, or soliciting any third party to engage in any of the conduct prohibited by subsections (a) through (k) above on behalf of the enjoined party or for their benefit.

It is further ordered that the conduct temporarily enjoined in this [o]rder shall be restrained and enjoined from the date of this [o]rder to the . . . final trial of this cause set forth below unless expressly provided otherwise in a subsequent order of this [c]ourt.

The order set a cash bond amount at $2,500.00, which it stated had been previously posted.[1] The order set a bench trial date of January 26, 2026. This appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

### III. DISCUSSION

### A. Applicable Law and Standard of Review

We review temporary injunctions for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Id.*; *Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

In relevant part, Texas Rule of Civil Procedure 683 requires every order granting a temporary injunction to: (1) "set forth the reasons for its issuance"; (2) "be specific in

---

[1]This bond amount is the same amount Appellee previously posted as bond for the temporary restraining order, and appears to have been posted on the date the trial court issued the temporary restraining order. The order states that bond was "previously posted," but does not acknowledge the temporary restraining order or that the bond was posted for that purpose. A bond for a temporary restraining order does not continue on to act as security for a temporary injunction unless expressly authorized by the trial court. *See Ex Parte Coffee*, 328 S.W.2d 283, 290 (Tex. 1959). Although the parties did not raise the issue, we note that a temporary injunction that does not expressly state that a bond previously posted for the temporary restraining order continues as bond for the temporary injunction—and that does not require a new bond be posted—is not in compliance with Rules 683 and 684. *See* Tex. R. Civ. P. 683, 684; *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.).

terms"; (3) "describe in reasonable detail[,] and not by reference to the complaint or other document, the act or acts sought to be restrained"; and (4) "include an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. The reasons provided in a temporary injunction order "must be specific and legally sufficient on its face and not merely conclusory." *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.); *Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). The procedural requirements of Rule 683 are mandatory. *Qwest Commnc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). A temporary injunction that does not meet these requirements is "subject to being declared void and dissolved." *Id.* We may declare a temporary injunction void even if that claim has not been raised by the parties. *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795 ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of Rule 683."); *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.).

"To support issuance of a temporary injunction, there must be proof of '(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'" *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 927 (Tex. App.—Texarkana 2018, no pet.) (quoting *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 759 (Tex. App.—Texarkana 2017, pet. dism'd)). The applicant need not establish that it will ultimately

prevail at trial, only that it is entitled to preservation of the status quo pending trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam). If some evidence reasonably supports the trial court's decision, the trial court does not abuse its discretion. *Butnaru*, 84 S.W.3d at 211. If no evidence is presented, absent an agreement of the parties, a writ of injunction is improper. *Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Wyly v. Pres. Dall.*, 165 S.W.3d 460, 465 (Tex. App.—Dallas 2005, no pet.).

An order granting an injunction "shall be specific in terms" and "shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." Tex. R. Civ. P. 683; *In re Luther*, 620 S.W.3d 715, 723 (Tex. 2021). A temporary restraining that does not inform a party—with a reasonable degree of certainty and without reference to other documents—of the precise conduct to be restrained is not in compliance with Rule 683. *Luther*, 620 S.W.3d at 723.

## B. Analysis

In its first issue, which is dispositive, Appellant argues that the trial court abused its discretion when it granted the temporary injunction because the order does not comply with Rule 683. Having reviewed the order and the record, we agree. *See* Tex. R. Civ. P. 683.

First, Rule 683 requires that the temporary injunction order specifically state the reasons for its issuance. *See id.* The order does not provide the detail required under

6

Rule 683. Other than the conclusory statement that Appellee has a probable right to relief, it does not directly address Appellee's causes of action or the basis of any probable right to relief sought. *See Good Shepherd Hosp., Inc.*, 563 S.W.3d at 927; *El Tacaso, Inc.*, 356 S.W.3d at 744; *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795.

Further, the injunction does not meet Rule 683's specificity requirements. The order describes the temporary injunction only in relation to "the real property made the basis of the suit," which is a reference to documents outside the text of the order itself. *See* Tex. R. Civ. P. 683; *TMRJ Holdings, Inc. v. Inhance Techs., LLC*, 540 S.W.3d 202, 213–14 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The order enjoins Appellant from conduct involving, variously, the property, any interior or exterior surfaces, fixtures, appliances, equipment, locks, security systems, access controls, outdoor areas, fencing, gates, and "any personal property on the premises." The order defines none of these terms, either generally or in relation to a defined property, and so is insufficiently specific. *See Villalobos v. Holguin*, 208 S.W.2d 871, 875 (Tex. 1948) ("[A]n injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing."); *TMRJ Holdings*, 540 S.W.3d at 213 ("Requiring that an enjoined party search for evidence to understand what conduct is enjoined undermines the purposes of an injunction, which are to remedy specific harm and to provide notice of the prohibited conduct.").

Second, to establish probable injury that is irreparable, the order must reflect that the party moving for a temporary injunction showed that there was "no adequate remedy at law." *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 929. Here, the order states that Appellee will "suffer immediate and irreparable injury," and that Appellant will "likely" use funds to raze the property, but recites no basis for its conclusion. In addition, the order neither concludes nor recites facts supporting a determination that Appellee had "no adequate remedy at law." *See id.* The order's finding of irreparable harm was improperly conclusory. *See id.*

Third, the order must set the cause for trial on the merits. *See Qwest*, 24 S.W.3d at 337; *see also In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding that failure to contain a trial date voided the order); *see also First State Bank of Odem v. Flores*, No 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2014, no pet.) (mem. op.) (collecting cases concluding the same). In this respect alone, the order was sufficient—setting a bench trial for January 26, 2026.

For the reasons set forth above, we conclude the probate court abused its discretion when it signed the order. *See Sargeant*, 512 S.W.3d at 409; *Indep. Cap. Mgmt., L.L.C.*, 261 S.W.3d at 795. Therefore, the temporary injunction order is void and dissolved for failure to comply with Rule 683. *See* Tex. R. Civ. P. 683; *see also Qwest*, 24 S.W.3d at 337. Because we sustain Appellant's first issue, we do not reach Appellant's second. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

We reverse the probate court's order granting the temporary injunction, dissolve the injunction, and remand the cause to the probate court for further proceedings.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  February 12, 2026